UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P165-M

**LAMAR ANTWAIN DUERSON**                                                    **PLAINTIFF**

**v.**

**HENDERSON COUNTY DETENTION CENTER,** *et al.*                **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to meet the complete exhaustion requirement, the court will dismiss his action without prejudice.

### I. SUMMARY OF CLAIMS

The plaintiff, Lamar Antwain Duerson, filed this civil rights action against the following Henderson County Detention Center employees: Deputy Jailer Marrow, Sgt. Hammer, Lt. Snodgrass, Major Donlapp, and Jailer Ron Herrington. He sues these defendants in both their individual and official capacities, seeking money damages.

The crux of the plaintiff's complaint arises from a poorly prepared and unsanitary meal he received on October 20th of this year. He claims that after the food tray was passed to him, he found a maggot crawling around in his food. When officers tried to offer him a different tray, he declined. He claims that serving him this meal violated his Eighth Amendment right to be free from cruel and unusual punishment.

## II.  ANALYSIS

Under 42 U.S.C. § 1997e(a),[1] a prisoner is required to exhaust all available administrative remedies prior to instituting an action under § 1983 or any other federal law.  *Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir. 2002); *Brown v. Toombs* 139 F.3d 1102 (6th Cir. 1998).  The primary purpose behind the exhaustion requirement is to give the state prison systems "an opportunity to handle prison grievances internally before recourse to the federal courts becomes available." *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003).  Such may be the most efficient means of addressing a constitutional violation.  *Id.* at 726.  The inmate must pursue those remedies "as far as they exist" before it can be said that he complied with the "state prison's internal requirements." *Id.* at 725.  An inmate bears the burden of alleging and showing that he has exhausted his remedies.  *Brown,* 139 F.3d at 1104.  And, district courts are required to dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies.  *Id.* at 1102.

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims.  *Brown*, 139 F.3d at 1104.  Should the prisoner not have the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome.  *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000).  Where the complaint fails to contain "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be

---

[1] Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

dismissed under § 1997e." *Boyd v. Corr. Corp. of Am.,* 380 F.3d 989 (6th Cir. 2004) (citation omitted).

A prisoner may not raise his claims in informal complaints as he must follow the formal grievance process to properly exhaust all administrative remedies. *Freeman v. Francis,* 196 F.3d 641 (6th Cir. 1999). Moreover, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997). Even if an appeal is time-barred by the prison's administrative procedures, the inmate must still pursue the remedy for without doing so he does not give the state the opportunity to remedy the alleged wrong. *Thomas*, 337 F.3d at 727.

Should the authorities to whom the inmate has presented his grievance ignore his written plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). Prior to initiating his action in federal court, a prisoner is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2] And, § 1997e(a) requires

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

3

total exhaustion of all claims, and a complaint that presents both exhausted and unexhausted claims must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005). Prisoners may not amend their complaints to establish exhaustion in order to save them from *sua sponte* dismissal. *Baxter*, 305 F.3d at 489.

In reviewing the plaintiff's grievances, the court has discovered that he did not file grievances in which he names each defendant he has sued in this action. Because the plaintiff failed to satisfy the requirement of total exhaustion of all claims, his complaint must be dismissed. Since the court will be dismissing his complaint without prejudice, he may refile another action after exhausting his remedies. The plaintiff is reminded, however, that he must alleged facts that show how each defendant is personally liable. He may not couch his allegations against them in conclusory form.

Be separate order, the court will dismiss this action without prejudice.

Date:

cc:    Plaintiff *pro se*
       Defendants
       4414.002