## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:05CV-P165-M

**LAMAR ANTWAIN DUERSON**                                                   **PLAINTIFF**

**v.**

**HENDERSON COUNTY DETENTION CENTER,** *et al.*                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). By prior memorandum opinion and order, this court dismissed this civil action because the plaintiff failed to exhaust his administrative remedies prior to filing suit (DNs 6 and 7). The matter is before the court on the plaintiff's motion for reconsideration (DN 8). For the reasons set forth below, the court will deny the motion.

The plaintiff asks the court to reconsider its decision to dismiss his case, claiming that he in fact filed grievances against each person that he named in his lawsuit. He states, however, that he received no responses to his grievances. For this reason, he believes the court should reinstate his civil action.

The governing civil rules do not provide for motions to reconsider. The court will, therefore, construe the plaintiff's motion as one seeking relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides, in part:

> On motion...the court may relieve a party...from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A Rule 60(b) motion "is intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir. 2000) (citations omitted). Relief from a judgment after its entry is an extraordinary remedy which should be used sparingly. 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2810.1 (2d ed. 1995).

The plaintiff appears to claim that the court made a mistake in its legal analysis, which falls within the definition of mistake under Rule 60(b)(1). *Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985); *see also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (holding that relief under Rule 60(b) extends to claims of legal error). "Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal." *Cacevic*, 226 F.3d at 49 (quoting *Bank of California, N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983)). A Rule 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal, which is 30 days. *Pierce*, 770 F.2d at 451; *see also* Fed. R. App. P. 4(a). Because the plaintiff timely filed his motion, the court will review the substance of his motion.

It is axiomatic that prisoners must exhaust all of their available administrative remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e ("§ 1997e"). As outlined in the memorandum opinion dismissing this action, an inmate must not only file a grievance and exhaust available remedies with respect to each claim asserted in his complaint, but he must also file a grievance with respect to each defendant named therein. If an inmate does not possess the

requisite copies of his grievances and responses thereto in order to establish exhaustion, then he must state with specificity the precise steps he took to exhaust his claims.

The court has once again reviewed the complaint and attachments thereto, and it concludes that it did not err in dismissing the plaintiff's civil action. While he did indeed file grievances, he did not file a grievance with respect to each defendant he sued in this action. And while he now claims that he did, in fact, file those grievances, the Sixth Circuit has specifically held that inmates may not amend their complaints to save them from *sua sponte* dismissals. *See generally Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002). Rather, inmates must plead and prove exhaustion <u>at the time</u> they file their complaints, and district courts may not allow inmates to amend their complaints to establish exhaustion. *Id.* at 489 ("...a plaintiff, who fails to make a sufficient allegation of exhaustion in [his] initial complaint, [is] not [] allowed to amend his complaint to cure his defect.").

Because the court did not err in dismissing this action without prejudice for lack of exhaustion, the plaintiff's motion for reconsideration is **DENIED**.

Date:

cc: Plaintiff *pro se*
4414.002

3